IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JIMMY SEARLES,

        Plaintiff,

vs.                                  Case No. 01-3379-JTM

L.E. BRUCE et al.,

        Defendants.

**MEMORANDUM AND ORDER**

      This matter comes before the court on the plaintiff's Motion to Appoint Counsel (Dkt. No. 125) and Motion to Expedite Appointment of Counsel (Dkt. No. 126). Plaintiff argues that he needs assistance of counsel to "perfect a response" to appellant's brief of the district court's ruling denying defendants' qualified immunity.

      Pursuant to 28 U.S.C. § 1915(d), a district court may appoint counsel to represent an indigent litigant in a civil case. "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." 28 U.S.C. § 1915(d). The statute gives district courts broad discretion to request an attorney to represent an indigent civil litigant. Such litigants have no statutory right to appointed counsel. See Tabron v. Grace, 6 F.3d 147, 153 (3rd Cir. 1993). Rather, some circuits have applied "exceptional circumstances" standard to these determinations. See, e.g., Lavado v. Keohane, 992 F.2d 601, 606 (6th Cir. 1993); Hernandez v.

San Diego Sheriff's Dep't, 2000 WL 564013 (9th Cir. May 9, 2000); Swazo v. Wyoming Dept. of Corrections State Penitentiary Warden, 23 F.3d 332, 333 (10th Cir. 1994) (citations omitted) (describing the standard applied in habeas actions).  Courts review the complexity of the case and plaintiff's ability to represent himself.  Lavado, 922 F.2d at 606.  Where a litigant's claims are frivolous or the chances of success are extremely slim, the court may decline to appoint counsel.

Plaintiff has been a party to several actions filed within this district court and has appealed some of these actions to the Tenth Circuit. The court finds that plaintiff has demonstrated an ability to represent himself in federal civil cases.  Thus, he does not require the assistance of counsel to "perfect a response."

IT IS ACCORDINGLY ORDERED this 18th day of August 2005, that the court denies plaintiff's Motion to Appoint Counsel (Dkt. No. 125).

s/ J. Thomas Marten<br>
J. THOMAS MARTEN, JUDGE