IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JIMMY SEARLES,

               Plaintiff,

         vs.                              Case No. 01-3379-JTM

L. E. BRUCE, et al.,

               Defendants.

MEMORANDUM AND ORDER

This matter came before the court for trial on August 21, 2007. After the completion of evidence submitted by the plaintiff Jimmy Searles, the court granted defendants' motion for a directed verdict pursuant to Fed.R.Civ.Pr. 50(b). Previously, the court granted summary judgment on Searles' claims except that alleging violation of his right of free exercise of his religion by the denial of a festive meal of apples and honey for Rosh Hashana. (Dkt. Nos. 38, 79).

A court should grant judgment as a matter of law under Rule 50(b), Fed.R.Civ.P., "cautiously and sparingly." *Zuchel v. City & County of Denver*, 997 F.2d 730, 734 (10th Cir.1993). A party is entitled to judgment as a matter of law if the evidence points but one way and is susceptible to no reasonable inferences supporting the party opposing the motion. *Johnson v. Unified Gov't of Wyandotte County/Kan. City, Kan.*, 371 F.3d 723, 728 (10th Cir.2004). If the record does not include a legally sufficient evidentiary basis for a claim under the controlling law, judgment as a

matter of law is proper. *Brown v. Gray*, 227 F.3d 1278, 1285 (10th Cir.2000); *Mason v. Okla. Turnpike Auth.*, 115 F.3d 1442, 1450 (10th Cir.1997). The court may not weigh the evidence, consider witness credibility or substitute its judgment for that of the jury. *Affiliated FM Ins. Co. v. Neosho Constr. Co.*, Inc., 192 F.R.D. 662, 666 (D.Kan.2000). The court must find that more than a scintilla of evidence favors the nonmoving party. *See Cooper v. Asplundh Tree Expert Co.*, 836 F.2d 1544, 1547 (10th Cir.1988). The court views the evidence in favor of the nonmoving party. *Id.*

A directed verdict is appropriate here, first, because plaintiff has failed to demonstrate he was actually denied a religious observance.  Even viewed in the light most favorable to the plaintiff, the evidence fails to establish that it is more likely true than not that plaintiff was in fact denied a festive meal of grape juice, apples and honey.   That is, the plaintiff has merely shown that he may not have received the items *simultaneously*. The evidence establishes that defendant Green did in fact authorize Searles to receive grape juice, apples, and honey.  The grape juice and honey were to be provided by the prison chaplain services, and were in fact provided at around 7:30 p.m. on the day in question.  The apples were to be provided by the prison food service contractor.  The evidence establishes that Searles received an apple at around 3:00 p.m.  The court finds that the plaintiff has failed to provide evidence from which a reasonable finder of fact could determine that his right to free exercise of his religion was in fact infringed.

Second, even assuming such an infringement occurred, the court finds that the plaintiff has failed to provide any evidence showing any personal participation by any of the defendants in such infringement.  To establish liability under 42 U.S.C. § 1983, "a prisoner must do more than allege generally that various prison officials violated his rights." *Fisher v. Oklahoma Dept. of Corrections Unknown State Actor*, 2007 WL 127661 (10th Cir. Jan. 19, 2007). "Rather, personal participation

is an essential allegation in a § 1983 claim." *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir.1996) (internal quotation omitted).

Here the plaintiff has failed to present any evidence showing any defendant knowingly and intentionally sought to deprive him of apples and honey on the day in question. Rather, Searles has merely sued the persons involved in the subsequent grievance process. There is no evidence that any of the defendants, other than Imam Karim-Khalil Green, had any knowledge of the event prior to the alleged denial of a festive apple. The subsequent grievance asked for no remedy, and was denied in succession by the defendants.

As to Green, the evidence shows that in fact he approved the provision of apples and honey. Green's statement to Searles that "you were not authorized at the time of Rosh Hashana to have a festive meal," (Def. Exh. 406), was made several weeks after Rosh Hashana, and was made in his response to Searles' grievance. The "festive meal" in this context meant not the apples and honey that form the basis for Searles' present claim in the Amended Complaint, but a far larger feast involving many more foods that had been previously requested and denied. In the very same Response, Green notes that "you were provided with the traditional apples and honey for Rosh Hashana along with your Kosher meal." And indeed the evidence establishes that, prior to the Rosh Hashana celebration, Green expressly directed that during Rosh Hashana Jewish inmates "are to have apples (provided by [food services contractor] Aramark) and honey (provided by Pastoral Care Department)" for the Rosh Hashana celebration beginning September 29, 2000. (Def. Exh. 401.)

As to the remaining defendants, there is absolutely no evidence that any of them knowingly and intentionally participated in any denial of the apples and honey.

3

IT IS ACCORDINGLY ORDERED this 22nd day of August, 2007, that the defendants's Motion for Directed Verdict is granted for the reasons stated at the time of the hearing on the motion and as stated herein.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE

4