IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JIMMY SEARLES,

          Plaintiff,

      vs.                                  Case No. 01-3379-JTM

L.E. BRUCE, et al.

          Defendants.

MEMORANDUM AND ORDER

This matter is before the court on plaintiff Jimmy Searles' motion for leave to appeal *in forma pauperis*. Searles has also filed a motion seeking portions of the trial transcript. Searles states that he is "a prisoner of the State of Kansas and have no real money." (Dkt. No. 164, at 1).

Under the Prison Litigation Reform Act (PLRA), a prisoner presenting a civil action must pay the full filing fee. See 28 U.S.C. § 1915(b)(1) (prisoner bringing a civil action or appeal *in forma pauperis* is required to pay the full filing fee). If the prisoner does not have enough money to pay the filing fee for a complaint or an appeal, the court is required to collect an initial partial filing fee in the amount of 20 percent of the greater of the average monthly deposits to the inmate's account or the average monthly balance for the preceding six months. 28 U.S.C. § 1915(b)(1)(A) and (B). If the prisoner cannot pay the initial partial filing fee, the prisoner cannot be prohibited from bringing a civil action. 28 U.S.C. § 1915(b)(4). Pursuant to D.Kan.Rule 9.1(g), leave to proceed *in forma*

*pauperis* ordinarily should be denied when the value of assets held in the prisoner's account exceeds $150.00.

Having considered the plaintiff's financial records, the court finds *in forma pauperis* status should be denied. Although not entirely legible, the financial documents submitted by Searles indicate that his prison bank account had, at the most recent date, a cash balance in excess of $1,000.00. Further, to proceed *in forma pauperis*, a prisoner must demonstrate not only "a financial inability to pay the required fees, [but also] the existence of a reasoned, non-frivolous argument on the law and facts in support of the issues raised on appeal." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir.1997) (citation omitted). Here, Searles's motion contains no information at all as to the potential grounds for appeal.

28 U.S.C. § 753(f) provides in part:

> Fees for transcripts furnished in other proceedings to persons permitted to appeal *in forma pauperis* shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question).

"The standard for determining if an appeal presents a substantial question is whether, when judged on an objective basis, the appeal (1) raises a question that is 'reasonably debatable' and (2) whether the transcript is necessary to the presentation of the appeal." *O'Neal v. County of Nassau*, 992 F.Supp. 524, 536 (E.D.N.Y. 1997). A prisoner does not have the right to a free transcript simply to search for error in the record. *Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir.1992). The burden of proving the existence of a substantial question falls on the party seeking the free transcripts. *Maloney v. E.I. DuPont de Nemours & Co*, 396 F.2d 939, 940 (D.C. Cir. 1967); *Starnes v. DeMuro*, No. 98-CV-2899, 2000 WL 1137302 (E.D. Pa. 2000). Certification under the statute is inappropriate where the movant fails to specify the specific grounds for her appeal, *Thenjitto v. City of New York*,

No. 96-CV-4668, 1999 WL 366740 (E.D.N.Y. 1999). As with the motion to proceed *in forma paueris*, the motion for transcript filed by Searles contains absolutely no information from which the court could determine that the appeal would present a substantial question.

IT IS ACCORDINGLY ORDERED this 31st day of October, 2007 that the plaintiff's Motions to Proceed and for Transcript (Dkt. Nos. 164, 165) are hereby denied.

s/ J. Thomas Marten  
J. THOMAS MARTEN, JUDGE
